## BACHE CUNARD, RESPONDENT, *v.* CHARLES G. FRANCKLYN, APPELLANT.

*Bill of particulars of losses, incurred in speculations carried on by the defendant for the plaintiff.*

In this action, brought to recover for the alleged conversion of certain bonds intrusted by the plaintiff to the defendant as his agent, the defendant denied that he had converted the same, and further set up an agreement whereby the plaintiff left in the defendant's hands certain cash and securities, to be employed in such transactions and enterprises as the defendant should think best to be carried on for the joint account and risk of the parties, and averred that he employed the plaintiff's funds accordingly, and that many heavy losses were incurred which were paid for out of the plaintiff's property.

*Held,* that the court properly directed that the defendant furnish to the plaintiff a bill of particulars of the several items of loss, constituting the heavy losses which were alleged to have occurred in the transactions and enterprises referred to in the answer.

APPEAL from an order, made at Special Term, directing the defendant to furnish to the plaintiff a bill of particulars of certain losses incurred in certain transactions conducted by the defendant for the plaintiff and referred to in the defendant's answer.

*John Notman,* for the appellant.

*William C. Beecher,* for the respondent.

BARTLETT, J.:

This is an action to recover $3,000,000 damages for the alleged conversion of bonds and other property intrusted by the plaintiff to the defendant as his agent. In his answer the defendant denies that he has ever converted any moneys, securities or property of the plaintiff to his own use. He also sets up an agreement whereby the plaintiff left in his hands a large amount of securities and cash to be employed in such transactions and enterprises as the defendant should think best, to be carried on for the joint account and risk of the parties; and he avers that he employed the plaintiff's funds accordingly for a period of thirteen years and that many heavy losses were incurred which were paid out of the plaintiff's property, with his knowledge and sometimes his actual participation. He furthermore alleges, that in June and July, 1885, he fully adjusted and settled his accounts with the plaintiff, and his indebtedness was fixed at $608,396.58, for which it was understood that the plaintiff should give the defendant such credit as he should require to pay off the same in installments. The court below, upon the application of the plaintiff, has made an order requiring the defendant to serve a bill of particulars of the losses which he alleges in his answer were incurred in his joint enterprises with the plaintiff; and from this order the present appeal has been taken.

If the defendant had gone no further than simply to deny the charge of conversion, contained in the complaint, there would have been no basis for a bill of particulars. He invited the motion by pleading his joint transactions with the plaintiff, the losses which

he claims to have incurred in the course of those transactions, and the final settlement and adjnstment of the accounts between the plaintiff and himself. The plaintiff, who denies any knowledge on his part in respect to the alleged losses, may well desire to be informed of the particulars of the defendant's claim in this respect, in order to be prepared to meet it upon the trial. It is urged in behalf of the appellant that the plaintiff and one of his attorneys already possess the fullest information in respect to the losses, and therefore that the order under review was needless to protect the plaintiff's rights.

On this point the affidavits are conflicting, but as already observed the plaintiff declares that he was wholly ignorant that any losses had been incurred. He also swears that he never heard of any claim to that effect until after the commencement of this action, and his attorney denies that any such losses are shown upon the books or papers of the defendant which have come into his possession. The learned justice who made the order at Special Term evidently believed these statements, and we cannot say he was wrong in so doing.

Both upon the question of power and the question of propriety, we think the decision below was right and should be affirmed.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Order affirmed, with costs.